IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARESS LAMONT OWENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 02-CV-607-JHP-SAJ |
| | ) |
| RON WARD, Director, Oklahoma | ) |
| Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 9), and has provided the state court records (Dkt. # 10) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

On June 3, 1999, Tulsa Police Officers Shawn Hickey and Jeffery Gatwood went to 1218 S. Quaker, Apt. # 6, in Tulsa, Oklahoma, as part of a narcotics investigation. They were acting on a tip from a confidential informant who had bought cocaine from a black male at that address. Petitioner Taress Owens answered the officers' knock and allowed the officers to enter the apartment. Petitioner's girlfriend, Kecia Howard, and four (4) young children were also present in the apartment. Petitioner and Ms. Howard initially told the officers that they both lived at the apartment, but that Ms. Howard was the lessee of the apartment. The Officers asked Ms. Howard to execute a consent to search. Although Petitioner pleaded with her not to execute the search

waiver, she agreed and executed a consent to search, as requested by the officers. The officers searched the bedroom of the apartment and found a baggie containing what appeared to be crack cocaine and a loaded semiautomatic handgun in a dresser drawer. The dresser drawer also contained men's clothing, including T-shirts and underwear. The officers searched Petitioner and found $189 in his front right pants pocket. Petitioner was not employed. The material in the baggie tested positive for crack cocaine. The net weight was determined to be 4.02 grams.

As a result of these events, Petitioner was charged with Possession of a Controlled Drug With Intent to Distribute (Count 1), and Possession of a Firearm While in the Commission of a Felony (Count 2), both After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-99-2787. On June 21, 2000, Petitioner was found by a jury to be guilty of Count 1 and not guilty of Count 2. On June 26, 2000, the trial court sentenced Petitioner in accordance with the jury's recommendation to sixty (60) years imprisonment and imposed a fine of $11,000.00. Petitioner was represented at trial by attorney Bill Borders.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney S. Gail Gunning. In his brief-in-chief, he raised four (4) propositions of error as follows:

    Proposition 1: The trial court should have suppressed the cocaine found in Kecia Howard's apartment and subsequently admitted as evidence against Mr. Owens.[1]

    Proposition 2: The evidence was insufficient to support Mr. Owens' conviction on Count 1 -- Possession of a Controlled Dangerous Substance (Cocaine) with Intent to Distribute.

---

[1]The focus of this claim as argued by appellate counsel, see Dkt. # 9, Ex. A, was that Ms. Howard was coerced to sign the consent to search and, as a result, the search was not voluntary. Under applicable Fourth Amendment standards, counsel asserted the search was unreasonable and the cocaine seized as evidence during the search should have been suppressed.

>  Proposition 3: Mr Owens was unfairly prejudiced by the State's irrelevant evidence regarding intent to distribute cocaine.
>
>  Proposition 4: If Mr. Owens' conviction is affirmed, the $11,000.00 fine must be modified because it exceeds the statutory maximum. Moreover, the fine should be vacated or further modified, because it is based on an erroneous jury instruction.

(Dkt. # 9, Ex. A). Appellate counsel also filed Petitioner's *pro se* supplemental brief asserting two (2) additional arguments, as follows:

>  Argument 1: The arrest and charge of Count I and Count II in Tulsa County District Court Case No. CF-99-2787 violated Mr. Owens' Fourth Amendment rights and due process.[2]
>
>  Argument 2: Appellant Owens was denied his Sixth Amendment right to effective assistance of trial counsel and due process of law where the principal allegation and manifestation of inadequate representation is counsel's failure to file a written motion challenging Mr. Owens' arrest and to suppress evidence allegedly obtained in violation of the 4th Amendment.

(Dkt. # 9, Ex. B). In an unpublished summary opinion, filed December 19, 2001, in Case No. F-2000-862, see Dkt. # 9, Ex. D, the OCCA considered all six (6) propositions of error and affirmed Petitioner's Judgment and Sentence but vacated Petitioner's $11,000.00 fine. On January 4, 2002, Petitioner filed a petition for rehearing (Dkt. # 9, Ex. H). By order filed January 23, 2002, the OCCA entered an order rejecting the *pro se* petition for rehearing and directing the Clerk to return the tendered documents to Petitioner. (Docket sheet for F-2000-862 viewed at www.oscn.net).

On February 11, 2002, Petitioner filed an application for post-conviction relief in the state district court. By order filed April 2, 2002, the state district court denied the requested relief.

---

[2] In his *pro se* supplemental brief (Dkt. # 9, Ex. B), Petitioner argued on direct appeal that the information obtained from the confidential informant lacked "indicia of reliability" and was insufficient to support a finding of probable cause. As a result, Petitioner argued that his arrest and the subsequently filed charges were illegal under the Fourth Amendment.

3

Petitioner appealed to the OCCA where he identified seven (7) propositions of error, as follows:

Proposition 1:   Appellate court's determination in Case No. F-2000-862 (Okl. Cr. Filed Dec. 19, 2001) that an anonymous tip provided law enforcement officers with reasonable suspicion to believe that the defendant, Taress Lamont Owens, was engaged in criminal activity and thereby holding that the trial court did not err in denying the oral motion to suppress as the evidence at trial showed Kecia Howard's consent was voluntarily given involved an unreasonable determination of the facts in light of the evidence presented, and warranted the granting of a petition for rehearing pursuant to Section B.(1)(2) and C of Rule 3.14, Rules of the Oklahoma Court of Criminal Appeals, as well as denied the Defendant of his 6th and 14th Amendment rights to due process of law and effective assistance of appellate counsel.

Proposition 2:   Relying on In Re Winship, 397 U.S. 358, 364 (1970), Jackson v. Virginia, 443 U.S. 307, ___ (1979), Mr. Owens asserts he is entitled to a new trial after a rehearing in the case at bar, because the state court's decision in Case No. F-2000-862 (Okl. Cr., filed Dec. 19, 2001), in regards to Proposition II, violates Williams v. Taylor, ___ U.S. ___ (2000).

Proposition 3:   Appellate counsel, G. Gail Gunning, in direct violation of the procedures announced in Anders v. California, 386 US. 738 (1967) and Smith v. Robbins, 120 S.Ct. 746 (2000) denied appellant Taress Owens his 6th and 14th Amendment rights to effective assistance of appellate counsel and due process of law, when she refused to file, pursuant to Rule 3.4(e) and Rule 3.4 (f), appellant's pro se reply brief in direct appeal No. F-2000-862, which in essence and effect, denied Mr. Owens a full and fair hearing of his claims raised on direct appeal.

Proposition 4:   Appellant's trial attorney, Bill Borders, failed and refused to file an oral or written motion to suppress, alleging that the anonymous tip (Tr. 198-199, 255, 257) was woefully inadequate to sustain a determination of probable cause for a valid consent to search under Illinois v. Gates, 642 U.S. 213 (1983) and appellant's appellate counsel, S. Gail Gunning failed and refused to raise this Kimmelman v. Morrison, 477 U.S. 365 (1986) and Illinois v. Gates, 642 U.S. 213 (1983), ineffective assistance of trial counsel and appellate counsel, United States v. Cook, 45 F.3d 388, 392 (CA 10 1995).

Proposition 5:   Under the totality of the circumstances, police had absolutely no probable cause to arrest Mr. Owens, based on the testimony from officers Hickey and Gatwood, that they received information form a certain individual regarding another individual whom officers were looking for who might be found at a residence located at 1218 S. Quaker, Apt. # 6, Tulsa, Oklahoma (Tr. 198-202) nor did they have probable cause for a consent to search either.

4

> Proposition 6: Appellant Owens' 6th and 14th Amendment rights to the United States Constitution as construed by the Supreme Court mandate in <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 386 (1986) were violated because of trial counsel's failure and refusal to conduct any meaningful pre-trial discovery and failure to file a timely written motion to suppress anonymous tip and lack of probable cause for consent to search.
>
> Proposition 7: The trial court in its April 2, 2002 first order denying application for post-conviction relief, abused its discretion in failing to grant appellant Owens' motion to strike respondent's response to application for post-conviction relief and motion for evidentiary hearing filed in Tulsa County District Court Case No. CF-99-2787 on March __, 2002 and March 12, 2002.

(Dkt. # 9, Ex. F). By order filed June 20, 2002, in No. PC-2002-503 (Dkt. # 9, Ex. E), the OCCA affirmed the denial of post-conviction relief.

Petitioner filed the instant habeas corpus petition on July 31, 2002 (Dkt. # 1). In his petition, Petitioner raises claims mirroring those he raised on post-conviction appeal. In response to the petition, Respondent concedes that Petitioner has satisfied the exhaustion requirement and, given the somewhat confusing presentation of the claims by Petitioner, reorganized Petitioner's habeas claims as follows:

> Claim 1: The evidence obtained in a search of the apartment should have been suppressed by the trial court (raised in Petitioner's grounds 1 and 5).
>
> Claim 2: The evidence was insufficient to support Petitioner's conviction (raised in Petitioner's ground 2).
>
> Claim 3: Performance of Petitioner's appellate counsel was ineffective due to:
> A. Failure to file Petitioner's *pro se* reply brief (raised in Petitioner's ground 3).
> B. Failure to raise the issue of ineffective assistance of trial counsel for failure to timely file a written motion to suppress the evidence recovered from the apartment (raised in Petitioner's grounds 1 and 4).
>
> Claim 4: Performance of Petitioner's trial counsel was ineffective due to:
> A. Failure to conduct pretrial discovery (raised in Petitioner's ground 6).
> B. Failure to timely file a written motion to suppress the evidence recovered from the apartment (raised in Petitioner's grounds 6 and 4).

    Claim 5:  It was error for the trial court to not conduct an evidentiary hearing for Petitioner's application for post-conviction relief (raised in Petitioner's ground 7).

(Dkt. # 9). Petitioner did not file a reply and has not otherwise objected to the reorganization of his claims as presented by Respondent. Therefore, the Court will consider the claims as discussed by Respondent in the response. Respondent argues that this Court is precluded from considering Petitioner's Fourth Amendment claim based on the holding of Stone v. Powell, 428 U.S. 465 (1976). Respondent also asserts that the remaining claims are not cognizable on federal habeas corpus review, or that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 9.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's Fourth Amendment, sufficiency of the evidence, and ineffective assistance of trial counsel claims on direct appeal.  The OCCA also adjudicated Petitioner's claim of ineffective assistance of appellate counsel on post-conviction appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding or not precluded, those claims shall be reviewed pursuant to § 2254(d).

### *1. Legality of search*

As part of his first and fifth claims, Petitioner asserts that his conviction was obtained based on the introduction of evidence, the cocaine, recovered during an illegal search.  Petitioner contends, as he did on direct appeal, that the evidence should have been suppressed based on violations of the Fourth Amendment.  See Dkt. # 1. On direct appeal, the OCCA rejected Petitioner's claim that the trial court erred in denying the oral motion to suppress, citing Lyons v. State, 787 P.2d 460, 464 (Okla. Crim. App. 1989); Riggle v. State, 585 P.2d 1382, 1386 (Okla. Crim. App. 1978); and Johnson v. State, 731 P.2d 993, 1000 (Okla. Crim. App. 1987) (where two persons have equal rights to the use and occupation of the premises, either may give consent to search and evidence discovered may be used against either), and finding that "the evidence at trial showed Kecia Howard's consent

was voluntarily given." See Dkt. # 9, Ex. D.

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for a hearing on the issue. Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claim based on whether Ms. Howard's consent to search was voluntary. Petitioner's attorney did not file a written motion to suppress prior to trial. However, after selection of the jury, and just prior to the reading of the Information by the prosecutor, Petitioner's attorney presented an oral motion to suppress arguing that the search and seizure by which the evidence was obtained was illegal, without a search warrant, and without a proper authorization to enter the premises. See Dkt. # 10, Tr. Trans. Vol. II at 183-89. The trial court heard the parties' arguments, including presentation of testimony from the preliminary hearing transcript, and denied the motion, finding that no pretrial written motion to suppress had been filed and that it was too late to consider Defendant's request. Id. at 190. The trial court judge also assured defense counsel that he would listen carefully to the evidence and consider a request to dismiss the charges at the conclusion of the evidence. Id. at 189. Petitioner's counsel continued to reurge his motion to suppress throughout the trial as the evidence was presented. See id. at 215, 287. The trial court judge listened to the arguments and denied the motion to suppress each time defense

counsel argued it. Id. at 216, 289. Significantly, as part of his final denial of the motion to suppress, the trial court judge stated that based on the evidence presented, he would have denied the motion had a hearing been held on a written pretrial motion. Id. at 289.

As indicated above, Petitioner also raised Fourth Amendment claims on direct appeal (see Dkt. # 9, Exs. A and B). Appellate counsel argued that the consent to search executed by Ms. Howard was involuntary because she was wearing only a long T-shirt and underwear when the officers first entered the apartment, her children were crying and screaming as Petitioner was led out of the apartment in handcuffs, and the police officers threatened to arrest her and have her children taken into DHS custody if they had to obtain a search warrant. Petitioner also argued in his *pro se* supplemental brief that his arrest and the filing of criminal charges violated the Fourth Amendment because the information obtained from the confidential informant was insufficient to support probable cause. However, the OCCA rejected both claims, finding that Ms. Howard's consent to search was given voluntarily and that officers obtained a valid consent to search. See id., Ex. D. The OCCA also cited Loman v. State, 806 P.2d 663, 666 (Okla. Crim. App. 1991) for the proposition that "it is not inappropriate for officers to question suspicious individuals to determine their identity." See id.

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim based on the voluntariness of Ms. Howard's consent in the state courts. As a result, this Court is precluded from considering that Fourth Amendment issue raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494; see also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and

recognition and application of correct Fourth Amendment standards).

The trial court did not consider the claim raised by Petitioner in his *pro se* supplemental brief as part of trial counsel's oral motion to suppress. However, the OCCA did consider the claim on direct appeal. To the extent Petitioner's additional Fourth Amendment claim, that information obtained from the confidential informant was insufficient for probable cause to arrest and to file charges, is not precluded by Stone, the Court finds Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). When the police officers arrived at the apartment dressed in plain clothes, Petitioner granted permission to enter the apartment. See Dkt. # 10, Tr. Trans. Vol. II at 201. Petitioner was arrested based on outstanding traffic warrants. See id. at 258. The search of the apartment was conducted following execution of a consent to search by Ms. Howard. "[I]t is well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." United States v. Pena, 143 F.3d 1363, 1365-66 (10th Cir. 1998) (internal quotations omitted). If the officers entered and searched the premises pursuant to valid consent, then such entry and search is reasonable under the Fourth Amendment. See Gutierrez-Hermosillo, 142 F.3d 1225, 1229-30 (10th Cir 1998). "Valid consent is that which is 'freely and voluntarily given.'" Pena, 143 F.3d at 1366 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973)). Whether consent to search was in fact "voluntary" is a question of fact to be determined from the totality of all the circumstances. Id. The state courts determined that the consent to search in this case was voluntary. As a result, there was no need for either a warrant or probable cause to search. Petitioner is not entitled to habeas corpus relief on this claim pursuant to 28 U.S.C. § 2254(d), (e)(1).

The Court notes that Petitioner does not claim in his petition that the cocaine found during

the search of the apartment conducted pursuant to Ms. Howard's consent should have been suppressed since he pleaded with Ms. Howard not to consent to the search. The Court recognizes that the Supreme Court of the United States has recently ruled that a warrantless search was unreasonable as to a defendant who was physically present and expressly refused to consent in spite of co-tenant's consent to search. Georgia v. Randolph, 126 S.Ct. 1515 (2006). However, in the instant case the record does not reflect that Petitioner expressly refused to consent since the police officers never asked him to consent to the search. Instead, they asked Ms. Howard to execute the consent to search based on her representation that she was the lessee.

Furthermore, to the extent the OCCA considered such a claim, Randolph was not the governing law at the time of the OCCA's decision in 2001. For the purposes of § 2254(d)(1), "clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions *as of the time of the relevant state-court decision.*'. . . We look for 'the 'governing legal principle or principles set forth by the Supreme Court *at the time the state court renders its decision.*'" Yarborough v. Alvarado, 541 U.S. 652, 660-61 (2004) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000), and Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003)) (emphases added). At the time the OCCA entered its ruling in 2001, no United States Supreme Court decision had held that a co-occupant's consent could not override a physically present, objecting co-occupant. The most analogous United States Supreme Court decision was United States v.. Matlock, 415 U.S. 164 (1974), cited and relied upon by the OCCA in Johnson v. State, 731 P.2d 993, 1000 (Okla. Crim. App. 1987), in which the Supreme Court held that consent by a co-occupant is sufficient to permit a warrantless search, in the other's absence, providing the consenting party has authority over the property. Randolph expressly distinguished Matlock,

drawing what the Supreme Court admitted was a "fine line," to wit, "if a potential defendant with self-interest in objecting *is in fact at the door and objects*, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out." Randolph, 126 S.Ct. at 1527 (emphasis added).

In deciding Randolph, the Supreme Court acknowledged that it was rejecting the majority rule-reached by four Courts of Appeals and most state courts -- that a co-tenant's consent remained effective even in the face of an express objection. Id. at 1520 n. 1. It was not objectively unreasonable for the OCCA to apply the same interpretation of Matlock as these other courts. Therefore, it cannot be said that, in citing to Johnson v. State, 731 P.2d 993, 1000 (Okla. Crim. App. 1987), the OCCA applied a rule "contrary to" any current, materially distinguishable Supreme Court case, or that it "unreasonably applied" the governing Supreme Court law to the facts of this case. See Mitchell v. Esparza, 540 U.S. 12, 17 (2003) ("A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous."); Swartz v. Burger, 412 F.3d 1008, 1011 (8th Cir.2005) (reasonable application may be demonstrated where several federal appellate decisions are consistent with the state decision); Williams v. Bowersox, 340 F .3d 667, 671 (8th Cir.2003) (diversity of factually similar lower court decisions applying the applicable federal precedents suggests that state court did not unreasonably apply Supreme Court law).

For all of the reasons discussed above, the Court concludes that Petitioner's request for habeas relief premised on violations of the Fourth Amendment shall be denied.

### *2. Sufficiency of the evidence*

Petitioner also challenges the sufficiency of the evidence supporting his conviction of

Possession of a Controlled Drug (Cocaine) With Intent to Distribute. Petitioner raised this claim on direct appeal. The OCCA rejected it, citing Spuehler v. State, 709 P.2d 202, 203-204 (Okla. Crim. App. 1985), and finding that "the evidence presented at trial was sufficient to support the conviction for possession of controlled substance with the intent to distribute." (Dkt. # 9, Ex. D).

As stated above, a writ of habeas corpus will not be issued on a claim adjudicated on the merits by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs

v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Oklahoma law provides the substantive elements of Possession of a Controlled Drug With Intent to Distribute applicable to the sufficiency of the evidence standard. See Jackson, 443 U.S. at 324 n.16. To sustain a conviction for Possession of Cocaine With Intent to Distribute under Oklahoma law, the prosecution must prove the following elements: (1) knowing and intentional; (2) possession; (3) of cocaine; (4) with an intent to distribute. See Okla. Stat. tit. 63, § 2-401(A)(1). The Court finds that in this case, Petitioner has failed to demonstrate that the OCCA's rejection of this claim on direct appeal was contrary to or an unreasonable application of Jackson. When viewed in a light most favorable to the prosecution, the evidence presented to the jury was sufficient to demonstrate that Petitioner was in constructive possession of the cocaine found in the bedroom: he initially told police officers that both he and Kecia Howard lived in the apartment (Dkt. # 10, Tr. Trans. Vol. II at 202), the cocaine was found in a dresser drawer also containing men's clothing (id. at 219, 235), Petitioner appeared nervous and repeatedly asked Ms. Howard not to sign the search waiver (id. at 209-210, 245). Similarly, when viewed in a light most favorable to the prosecution, the evidence was sufficient to demonstrate that Petitioner intended to distribute the cocaine: the officers found no paraphernalia as would be indicative of personal use (id. at 218, 222), the officers recovered $189, mostly in twenty dollar bills from Petitioner's right front pocket (id. at 238, 222), Petitioner told officers he was not employed (id. at 217), and the net weight of the crack cocaine, 4.02

grams, approached the minimum weight required to support a trafficking conviction (id. at 221, 246).[3] Officer Hickey also testified as a rebuttal witness for the State that Ms. Howard told him that she thought Petitioner may have been selling drugs (id. at 276-77).

In summary, upon review of the trial transcript, the Court agrees with the OCCA that the evidence presented at Petitioner's trial, viewed in the light most favorable to the prosecution, was sufficient to support his conviction of Possession of Cocaine With Intent to Distribute. The Court finds no room for reasonable debate as to whether the evidence at trial was sufficient for a rational juror to be convinced of that fact beyond a reasonable doubt. The Court concludes that Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on his challenge to the sufficiency of the evidence for the conviction of Possession of Cocaine With Intent to Distribute shall be denied.

### 3. *Ineffective assistance of trial counsel*

Petitioner alleges that his trial counsel provided ineffective assistance when he failed to conduct pretrial discovery and failed to file a timely written motion to suppress evidence. On direct appeal, the OCCA cited Perry v. State, 853 P.2d 198, 203 (Okla. Crim. App. 1993); and Strickland v. Washington, 466 U.S. 668 (1984), and found that "appellant has not carried his burden of establishing his trial counsel was ineffective." (Dkt. # 9, Ex. D).

The Court finds that Petitioner is not entitled to habeas corpus relief based on his claim that trial counsel provided ineffective assistance. To establish ineffective assistance of counsel a defendant must show that his counsel's performance was deficient and that the deficient performance

---

[3] Pursuant to Okla. Stat. tit. 63, § 2-415, possession of five (5) grams or more of crack cocaine is required to support a charge of Trafficking.

was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Court finds that in this case, Petitioner's allegations are either conclusory or he has failed to satisfy the prejudice prong of the Strickland standard. Petitioner complains that his trial counsel failed to conduct pretrial discovery and failed to file a timely motion to suppress evidence. See Dkt. # 1. Assuming without finding that counsel's performance was deficient as alleged by Petitioner, he has failed to explain to the Court how he was prejudiced by counsel's performance. He does not explain how anything contained in the omitted discovery could have changed the outcome of the proceeding. In addition, although trial counsel failed to file a written motion to suppress in compliance with state statute, the record nonetheless reflects that the trial court judge listened to counsel's argument but overruled the motion, stating that, "If we had had a hearing, based on this

same evidence, on a motion to suppress, if there had been a motion filed, I can tell you, Mr. Borders, I would deny that motion also." (Dkt. # 10, Tr. Trans. Vol. III at 289). The Court is not convinced that based on the facts of this case in light of the law as interpreted at the time, any further advocacy of the motion to suppress would have benefitted Petitioner in any way. Therefore, the Court concludes that Petitioner has failed to demonstrate that he suffered prejudice as a result of his trial counsel's allegedly deficient performance. Because he has failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland, Petitioner is not entitled to habeas corpus relief under § 2254(d).

### *4. Ineffective assistance of appellate counsel*

Petitioner also asserts that appellate counsel provided ineffective assistance of counsel when she failed to file Petitioner's *pro se* reply brief (raised in Petitioner's ground 3), and failed to raise the issue of ineffective assistance of trial counsel for failure to timely file a written motion to suppress the evidence recovered from the apartment (raised in Petitioner's grounds 1 and 4). The OCCA rejected these claims of ineffective assistance of appellate counsel on post-conviction appeal, finding that "we find nothing in the application presented to this Court which supports the claim that counsel did not act as reasonably competent counsel sufficient to meet the standard established in *Strickland*." (Dkt. # 9, Ex. E at 3).

In evaluating Petitioner's claim of ineffective assistance of appellate counsel as raised in the instant action, the Court applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v.

17

Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir.1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing Petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, Petitioner "would have prevailed on his appeal." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

In this case, the Court finds no basis for granting relief under § 2254(d). Petitioner fails to convince the Court that appellate counsel performed deficiently in omitting a meritorious issue. First, Petitioner fails to explain how the result of the appeal would have been different had appellate counsel filed the *pro se* reply brief. As to Petitioner's claim that counsel failed to allege an ineffective assistance of trial counsel claim based on trial counsel's failure to file a written pretrial motion to suppress, the Court notes that the OCCA considered, and rejected, that claim as raised by Petitioner in his *pro se* supplemental brief on direct appeal. As a result, Petitioner received review of his claim by the state appellate court and he did not prevail on his appeal. The Court finds there is no reasonable probability that Petitioner would have prevailed on direct appeal had appellate counsel presented the arguments presently urged by Petitioner. The Court concludes that the OCCA's adjudication of this claim on post-conviction appeal was not an unreasonable application

of Strickland. Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

**C. Challenge to post-conviction ruling by the state courts not cognizable**

In his petition, Petitioner also complains that the state district court's denial of an evidentiary hearing requested during post-conviction proceedings was improper. See Dkt. # 1. Petitioner's claim challenges the interpretation and application of Oklahoma's Post-Conviction Procedure Act by the state district court and the OCCA. Specifically, Petitioner asserts that Oklahoma's corrective process was inadequate to afford him a full and fair determination on the merits of his claims and that the OCCA erred in applying the Post-Conviction Procedure Act to preclude consideration of his claims challenging his conviction. The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review. See Phillips v. Ferguson, 182 F.3d 769, 773-74 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993); Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (stating that "a claim that procedural errors occurred during the state postconviction proceedings would not rise to the level of a federal constitutional claim cognizable in habeas corpus"), *overruled on other grounds*, Sawyer v. Smith, 497 U.S. 227 (1990). As a result, Petitioner's claim, to the extent it challenges the interpretation and application of Oklahoma's post-conviction procedures by the OCCA, are not cognizable in this federal habeas corpus and shall be denied on that basis.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

DATED THIS 29th day of September 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma